**John Stephen BAXTER,
Plaintiff–Appellant**

v.

**Warden Edwardo CARMONA; Doctor
Sheri Talley; Keneth Seidel; Claran-
cye Williams; Director Brad Living-
ston, Defendants–Appellees.**

No. 07–51317
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 4, 2008.

John Stephen Baxter, Texas Depart-
ment of Criminal Justice Institutional Divi-
sion Lynaugh Unit, Fort Stockton, TX, pro
se.

Grady L. Williamson, Office of the At-
torney General for the State of Texas,
Mark Alan Keene, Davis & Davis, Austin,
TX, for Defendants–Appellees.

Before KING, DAVIS, and CLEMENT,
Circuit Judges.

PER CURIAM: *

John Stephen Baxter, Texas prisoner
# 618988, has filed a motion for leave to
proceed in forma pauperis (IFP) on ap-
peal. The district court dismissed Bax-
ter's 42 U.S.C. § 1983 complaint, holding
that Baxter's disagreement with the course
of treatment followed by the prison medi-
cal staff was insufficient to state a claim
under § 1983. The district court addition-
ally determined that Eleventh Amendment
immunity shielded from monetary dam-

ages defendants Carmona, Talley, Seidel,
and Livingston in their official capacities
and that qualified immunity shielded all
five defendants in their individual capaci-
ties as Baxter failed to state a cognizable
claim for deliberate indifference to medical
needs under the Eighth Amendment. The
district court denied Moore's motion for
leave to proceed IFP on appeal and certi-
fied that the appeal was not taken in good
faith finding that Baxter had presented no
arguable or nonfrivolous issue for appeal.

Baxter now moves this court for leave to
proceed IFP on appeal. In doing so, Bax-
ter is challenging the district court's certi-
fication. See Baugh v. Taylor, 117 F.3d
197, 202 (5th Cir.1997). Baxter argues
that the district court wrongfully denied
him leave to proceed IFP because the
district court judge was biased in favor of
the defendant. The adverse ruling itself is
insufficient to support Baxter's allegation
of bias and Baxter's conclusory allegations
of the district court judge's friendship with
Talley is also insufficient. See Liteky v.
United States, 510 U.S. 540, 555, 114 S.Ct.
1147, 127 L.Ed.2d 474 (1994).

Liberally construed, Baxter's brief addi-
tionally argues that the defendants violat-
ed the Eighth Amendment's prohibition
against cruel and unusual punishment
when they failed to provide surgery and
appropriate medication for his orthopedic
issues, and confiscated his walking cane.
Baxter has failed to show that the defen-
dants exhibited deliberate indifference to
his serious medical needs in violation of
the Eighth Amendment. See Estelle v.
Gamble, 429 U.S. 97, 101, 104–05, 97 S.Ct.
285, 50 L.Ed.2d 251 (1976); Farmer v.
Brennan, 511 U.S. 825, 847, 114 S.Ct.
1970, 128 L.Ed.2d 811 (1994); see Reeves
v. Collins, 27 F.3d 174, 176–77 (5th Cir.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1994) (applying the *Farmer* standard in the context of a denial-of-medical-care claim). Baxter's arguments demonstrate only a disagreement about his medical treatment or negligence, which is insufficient to establish an unconstitutional denial of medical care. *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991). Baxter has not shown that the district court's certification that an appeal would not be taken in good faith was incorrect. The instant appeal is without arguable merit and is thus frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). Accordingly, Baxter's request for IFP is denied and his appeal is dismissed. *See Baugh,* 117 F.3d at 202, n. 24; 5TH CIR. R. 42.2. Baxter is cautioned that our dismissal of this appeal as frivolous and the district court's dismissal of his complaint for failure to state a claim each count as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Baxter is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.